UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVAD ZOLFAGHARI,

        Plaintiff,

    v.

WALL&ASSOCIATES, INC., et al.,

        Defendants.

Case No. 19-cv-08101-SVK

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 10

Before the Court are Plaintiff Javad Zolfaghari's motion to remand (Dkt. 10) and Defendants Greg Thorson, P. Mark Yates, Wall & Associates, Inc., and Jennifer L. Cable's (collectively, "Defendants") motion to dismiss (Dkt. 8). All parties have consented to the jurisdiction of the undersigned magistrate judge. *See* Dkts. 7, 13. The Court finds this matter suitable for decision without oral argument pursuant to Civ. L.R. 7-1(b).

The initial and fundamental issue in this case is whether the jurisdiction of this Court attached to Plaintiff's state court complaint as drafted. This Court concludes that it did not. Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **DENIES AS MOOT** Defendants' motion to dismiss for the reasons discussed below.

## I. BACKGROUND

### A. The Complaint

On November 13, 2019, Plaintiff filed his complaint, utilizing standard Judicial Council forms, alleging state-law claims of fraud and intentional tort against Defendants in the Superior Court of California for the County of Santa Clara. Dkt. 1-1 at 2. Plaintiff's allegations arise out of alleged representations by Defendants that, in return for payment, they would represent Plaintiff before the California Employment Development Bureau ("EDD") regarding a tax lien. *See generally* Dkt. 1-1.

More specifically, Plaintiff alleges that he paid Defendants $63,500.00 for their services in helping Plaintiff remedy a $21,000,000.00 tax lien that was placed on his corporation. Dkt. 1-1 at 6. Plaintiff further alleges that despite his payments, Defendants did not take any action to remedy the tax lien. *Id*. Plaintiff mentions the $63,500.00 payment and the $21,000,000.00 tax lien in various places of the complaint. *See id*. at 6-8. Plaintiff further alleges: "Defendant would arrange for a hearing before the California Employment Development (EDD) bureau at which Plaintiff would have an opportunity to explain and set aside the tax liabilities which were improperly charged to Plaintiff by way of a tax lien placed on corporation in which he is an officer and shareholder." *Id*. at 6. Plaintiff also alleges "Defendant failed to take effective action to resolve the tax obligations disclosed to them" and "Defendant did not arrange for a hearing before EDD and made no effort to set aside tax lien." *Id*. In the complaint and under the pre-printed text "[b]ecause of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged," Plaintiff states:

> Plaintiff expended $60000 plus $3500 to obtain competent, effective and timely representation. Plaintiff did not retain competent representation to proceed against the EDD lien of approximately $21,000,000. Plaintiff's business interests in Zolman Construction and Development, Inc. was severely jeopardized as a result of Defendant's lack of representation and incorrect tax advice.

*Id*. at 7. Plaintiff indicated that he intended to seek compensatory damages and punitive damages but did not specify an amount. *Id*. at 5. The civil case cover sheet filed along with Plaintiff's complaint indicated that Plaintiff sought monetary, nonmonetary (declaratory or injunctive relief), and punitive remedies. *Id*. at 11.

### B. Notice of Removal

Defendants removed Plaintiff's action to this Court on December 11, 2019 (Dkt. 1) and filed their motion to dismiss on December 18, 2019 (Dkt. 8). In their notice of removal, Defendants contend that this Court has diversity jurisdiction over the instant action because (1) the amount in controversy exceeds $21,000,000.00; and (2) Plaintiff is a citizen of California and no Defendants are citizens of California. Dkt. 1 at 4-6.

////

////

2

### C. Motion to Remand

Plaintiff filed the instant motion to remand on December 20, 2019, arguing that in the complaint he claims only $63,500.00 in damages. Dkt. 10; Dkt. 11 at 8. Plaintiff also avers by counsel that "he is willing to stipulate that he will not claim any more than $10,000 in punitive damages, and shall not exceed $74,900.00." Dkt. 10-1 ¶ 6.

In opposition, Defendants clarify that Plaintiff seeks: (1) $60,000.00 for an initial payment; (2) $3,500.00 for a subsequent payment; and (3) $21,000,000.00 for the tax lien Defendants were hired to challenge. Dkt. 15 at 6. Defendants contend that Plaintiff's argument that his complaint does not seek compensatory damages of over $21,000,000.00 is "absurd" and that "'it is facially apparent from the allegations in the complaint that plaintiff's claims' include a claim for $21,000,000." *Id*. at 8.

In addition, Defendants argue that they were "eligible to assert the amount in controversy under 28 U.S.C § 1446(c)(2)(A)(ii) because California law 'does not permit demand for a specific sum' of exemplary damages and thus 'does not permit' Plaintiff to state the total 'specific sum' of damages that he is seeking" and "Defendants exercised this right by stating, in their Notice of Removal, that the amount in controversy exceeds $75,000." Dkt. 15 at 10. Defendants also argue that "Plaintiff's civil cover sheet, which is part of his Complaint, seeks 'nonmonetary; declaratory or injunctive relief'" and "Defendants were thus eligible to assert the amount in controversy under 28 U.S.C § 1446(c)(2)(A)(i)" and subsequently exercised that right. *Id*.

Finally, Defendants take issue with Plaintiff's post-removal statement that he will not seek more than $74,900.00 in damages. Dkt. 15 at 10-13. Defendants argue that Plaintiff's statement that he "shall not exceed $74,900" is "unclear" and "problematic." *Id*. at 11. Defendants also contend that the Supreme Court barred post-removal stipulations in *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283 (1938). *Id*. In particular, Defendants argue that "the initial complaint determines original jurisdiction and hence the propriety of remand, and nothing that the plaintiff says after filing the complaint can divest a court of jurisdiction that was conferred by the complaint." *Id*. Defendants also argue that this Court has "applied this rule to block plaintiffs from obtaining remand through post-complaint attempts to reduce the amount in controversy." *Id*.

(citing *Bay Area Surgical Mgmt., LLC* v. *Principal Life Ins. Co.*, No. 12-cv-1140 EJD, 2012 WL 3656451, at *2 (N.D. Cal. Aug. 24, 2012)).

## II.    LEGAL STANDARDS

### A.  Removal

The federal removal statute permits the removal of an action which could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Removal jurisdiction is determined from the four corners of the complaint as it existed at the time of removal. *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Removal statutes are strictly construed against removal and place the burden on the party seeking removal to show removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B.  Diversity Jurisdiction - Amount in Controversy

Federal courts have original jurisdiction on the basis of diversity where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Consistent with this framework, "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citations omitted). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. But, "[i]f the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs [that] [r]emoval . . . is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional

threshold." *Id*. at 88 (internal quotation marks omitted). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88.

The Ninth Circuit has also stated that "where . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.,* 726 F.3d 1118, 1121-22 (9th Cir. 2013)) (internal quotation marks omitted). "[B]oth parties may submit proof of the amount in controversy through summary-judgment-type evidence including affidavits and declarations, and the defendant seeking removal bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied." *Arakji v. Microchip Tech., Inc.*, 2019 WL 5386239, at *3 (N.D. Cal. Oct. 22, 2019) (citing *Ibarra v. Manheim Invs., Inc*, 775 F.3d 1193, 1198 (9th Cir. 2015)) (internal quotation marks omitted).

"[T]he amount in controversy is the amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)) (citation and internal quotation marks omitted). "[T]his includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Fritsch*, 899 F.3d at 793 (citations and internal quotation marks omitted). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise) . . . and attorneys' fees awarded under fee-shifting statutes or contract." *Id*. (citations omitted).

## III.    ANALYSIS

### A. Defendants Fail to Demonstrate the Amount in Controversy by a Preponderance of the Evidence

Because Plaintiff contests Defendants' allegations regarding the amount in controversy (Dkt. 11 at 7-8), Defendants bear the burden of showing, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. *Dart*, 574 U.S. at 88; *Arakji,* 2019 WL

5386239, at *3. Defendants argue that the complaint itself is evidence that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Dkt. 15 at 6-9. They point to the complaint's allegations and argue that "Plaintiff specifically claimed he hired Defendants to provide competent tax representation in order to 'resolve' and 'set aside' the 'improper' 'tax lien' of $21,000,000." *Id.* at 8 (quoting Dkt. 1-1 at 6). Defendants also point to the damages section of Plaintiff's complaint, where they allege that "Plaintiff specifically states two items of damages beyond the $63,500 paid to Defendant Wall & Associates: (i) Defendants' failure to provide 'competent representation 'against' the "tax lien' of $21,000,000 and (ii) damage to 'Plaintiff's business interests' which were 'severely jeopardized' by Defendants' alleged fraud." Dkt. 15 at 8 (quoting Dkt. 1-1 at 7). Defendants argue that "[a]ll of this is apparent on the face of the [c]omplaint." *Id*.

Defendants further suggest that "[i]f Plaintiff's sole request for damages was the return of the $63,500 paid to Defendant Wall & Associates . . . Plaintiff's response to the prompt in the state form complaint requesting Plaintiff to specify the damages sought in the Complaint would have contained one sentence: 'Plaintiff is seeking the return of the $63,500 paid to Defendant Wall & Associates.'" Dkt. 15 at 8. Instead, Defendants argue, Plaintiff's complaint states "that Defendants' failed to provide competent representation 'to proceed' against and 'set aside' the $21,000,000 tax lien and that Defendants' failure to provide competent representation, including 'inaccurate tax advice,' 'severely jeopardized' Plaintiff's business interests." *Id*. (quoting Dkt. 1-1 at 7). Defendants argue that the "[c]omplaint's allegations show that Plaintiff is seeking compensation in the amount of the tax lien that Defendants were allegedly supposed to resolve." Dkt. 15 at 9.

Defendants' arguments, while not unreasonable, rest entirely on Plaintiff's articulations in the form complaint. However, the complaint, far from a model pleading, can be read to either include the $21,000,000.00 tax lien or to exclude it. *See* Dkt. 1-1 at 6-8. Consequently, the complaint, by itself, does not sustain Defendants' substantial burden. Defendants provide no other

United States District Court
Northern District of California

evidentiary support that the amount in controversy includes the $21,000,000.00 tax lien.[1]  Because

removal statutes are strictly construed against removal and the burden is squarely placed on the

party seeking removal (*see Moore-Thomas*, 553 F.3d at 1244 (citation omitted)), the Court finds

that Defendants have not carried their burden.

### B.  Plaintiff's Clarification of the Amount in Controversy is Appropriate

Plaintiff avers that "he is willing to stipulate that he will not claim any more than $10,000

in punitive damages, and shall not exceed $74,900.00."  Dkt. 10-1 ¶ 6.  As argued by Defendants,

it is well established that a plaintiff may not deprive a court of jurisdiction with a post-removal

reduction of the amount in controversy.  Dkt. 15 at 11 (citing *St. Paul Mercury Indemnity*, 303

U.S. at 291-92).  However, Defendants fail to acknowledge further direction from the Ninth

Circuit, which provides, in critical part, that where it is unclear from the face of the complaint

whether the amount in controversy exceeds $75,000.00, the parties may submit proof of the

amount in controversy through summary-judgment-type evidence.  *See Chavez*, 888 F.3d at 416.

Where a post-removal stipulation simply "*clarifies* an ambiguity in the amount in

controversy, a court may consider the stipulation as evidence of a failure to satisfy the amount in

controversy."  *Soules v. Farmersonly.com*, No. CV 16-1289-R, 2016 WL 10966409, at *2 (C.D.

Cal. Mar. 16, 2016) (citing *Gillette v. Peerless Ins. Co*., No. CV 13-03161 DDP (RZx), 2013 WL

3983872, at *3 (C.D. Cal. July 31, 2013)) (emphasis added).  More specifically, "Courts consider

stipulations that clarify the amount in controversy in situations where (1) state pleading rules leave

plaintiffs with no other option but to specify an ambiguous amount in controversy in the

complaint, or (2) where the stipulation indicates that the amount in controversy at the time of

removal fell below the jurisdiction[al] limit."  *Soules*, 2016 WL 10966409, at *2 (citing *Gillette*,

2013 WL 3983872, at *4).

As noted above, Plaintiff's complaint is not well-drafted.  Additionally, when Plaintiff

filed his complaint in state court, he did not assert a dollar amount for damages.  *See generally*

---

[1] The only support provided for Defendants' opposition are the declarations of Defendant Yates
(Dkt. 15-1) and Defendant Thorson (Dkt. 15-2), neither of which pertain to the amount in
controversy.

Dkt. 1-1.  The California Civil Code bars Plaintiff from identifying a monetary amount sought because Plaintiff claimed punitive damages.  Cal. Civ. Code § 3295(e) ("No claim for exemplary damages shall state an amount or amounts.").  In sum, the amount in controversy was ambiguous at the time the case was removed from state court.  *See Soules*, 2016 WL 10966409, at *2.  Plaintiff's statement through his lawyer that he will not claim more than $10,000.00 in punitive damages and will not exceed $74,900.00 in damages was thus a statement of *clarification* rather than a statement of reduction and is therefore permissible to show that the amount in controversy does not exceed $75,000.00.

### C.  Defendants Fail to Demonstrate Any Amount of Punitive/Exemplary Damages[2]

Defendants contend that Plaintiff seeks punitive damages in an unspecified amount and that California law prohibits Plaintiff from identifying a specific sum of punitive damages.  Dkt. 1 at 7; Dkt. 15 at 9-10.  Defendants further contend that because California does not limit the amount of punitive damages that Plaintiff could receive, Plaintiff could obtain $63,500.00 in punitive damages in addition to the $63,500.00 in actual damages, thus exceeding the amount in controversy requirement.  Dkt. 1 at 7-8.  Plaintiff, in contrast, contends that Defendants have failed to meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 because Defendants have not offered evidence of the amount of possible punitive damages.  Dkt. 17 at 5.  The Court agrees with Plaintiff.

Punitive damages are generally part of the amount in controversy in a civil action.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  But "simply pointing out that Plaintiff is seeking punitive damages without proffering any evidence regarding the amount is insufficient to establish that the potential punitive damage award will more likely than not increase the amount in controversy."  *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998).  "To properly include punitive damages in an amount in controversy calculation, the party with the burden must present evidence of a possible punitive damage award,

---

[2] "Punitive damages" and "exemplary damages" are the same under California law.  23 Cal. Jur. 3d Damages § 181 ("[P]ersons may be subject to the imposition of exemplary or punitive damages . . . .")  For consistency, the Court will refer to these types of damages as "punitive damages."

usually in the form of punitive damage awards in factually analogous cases." *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 WL 1501576, at \*5 (N.D. Cal. Apr. 5, 2019) (citing *Petkevicius v. NBTY, Inc.*, 3:14-cv-02616-CAB-(RBB), 2017 WL 1113295, \*9 (S.D. Cal. Mar. 24, 2017)) (citations and internal quotation marks omitted).

Defendants are correct that California pleading rules barred Plaintiff from demanding a dollar amount of punitive damages in his complaint. *See* Cal. Civ. Code § 3295(e). However, the Court does not find that Defendants have met their burden of showing, by a preponderance of the evidence, that punitive damages would thrust the amount in controversy over $75,000.00. Defendants neither provided evidence of a possible punitive damage award nor provided factually analogous cases to support their contention. *See Pratt*, 2019 WL 1501576, at \*5. Accordingly, the Court finds that punitive damages may not be used to calculate the amount in controversy because Defendants failed to establish that a potential punitive damage award would more likely than not increase the amount in controversy.

### D. Defendants Fail to Demonstrate That Plaintiff Seeks Nonmonetary Relief

Defendants also argue that even if the amount of compensatory damages is no more than $63,500.00, the amount in controversy exceeds $75,000.00 in part because Plaintiff seeks nonmonetary relief. Dkt. 1 at 6; Dkt. 15 at 9-10. As support for this claim, they identify Plaintiff's civil cover sheet, where the words "[r]emedies sought (check all that apply)" are stated and the box next to the words "nonmonetary; declaratory or injunctive relief" is "checked." Dkt. 15 at 10 (citing Dkt. 1-1 at 11). "A civil cover sheet, however, is merely an administrative document designed to facilitate the court's management of a trial." *Campbell v. Handlery Union Square Hotel*, No. C 12–2466 MEJ, 2012 WL 3158840, at \*2 (N.D. Cal. Aug. 2, 2012) (quoting *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983)) (internal quotation marks omitted). "A [c]ivil [c]over [s]heet does not supplant the complaint" (*McKinney v. Law Office of James Duncan*, No. CV 09–2605 NJV, 2010 WL 668027, at \*7 (N.D. Cal. Feb. 19, 2010)) and "[c]hecking boxes on the civil cover sheet is not a substitute for alleging facts establishing jurisdiction in a complaint." *Campbell*, 2012 WL 3158840, at \*2 (citing *Wall*, 718 F.2d at 909). Defendants cannot use Plaintiff's civil cover sheet as a basis for their argument that Plaintiff seeks

declaratory or injunctive relief in an amount that would exceed the amount in controversy.  As there is no mention of declaratory or injunctive relief in Plaintiff's complaint (*see* Dkt. 1-1), the Court finds that Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 based on declaratory or injunctive relief.

### E.  Complete Diversity of Citizenship is Present

In the notice of removal and again in the opposition to Plaintiff's motion to remand, Defendants contend that Plaintiff is a citizen of California.  Dkt. 1 at 4; Dkt. 15 at 3.  Defendants also contend that Defendant Wall & Associates, Inc. is a citizen of Virginia (Dkt. 1 at 4; Dkt. 15 at 3; Dkt. 15-1 ¶ 3); Defendant Cable is a citizen of Virginia (Dkt. 1 at 4; Dkt. 15 at 3); Defendant Yates is a citizen of Virginia (Dkt. 1 at 4; Dkt. 15 at 3; Dkt. 15-1 ¶ 2); and Defendant Thorson is a citizen of Washington (Dkt. 1 at 4; Dkt. 15 at 3; Dkt. 15-2 ¶ 2).  Plaintiff has neither contested the truth of these allegations, nor has he argued that Defendants' allegations are insufficient. [3]

Diversity jurisdiction dictates that "each plaintiff must be of a different citizenship from each defendant."  *Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).  The Court finds that Defendants' allegations are sufficient to support that Plaintiff is diverse from all Defendants and that complete diversity of citizenship is present.  However, as noted in Sections III.A-D, this Court does not have subject-matter jurisdiction over the instant case because the amount in controversy requirement has not been met.

### IV.     REQUEST FOR ATTORNEY'S FEES

Plaintiff requests $1,400.00 in attorney's fees that were incurred in bringing the instant motion to remand.  Dkt. 10-1 ¶ 7; Dkt. 11 at 9; Dkt. 17 at 9.  Defendants do not provide any argument regarding this request.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the

---

[3] Plaintiff instead argues that "Remand is Required Because Diversity Jurisdiction is Inapplicable As Defendants' Contacts With the State of California Establish Specific Personal Jurisdiction Over Each Defendant."  Dkt. 11 at 5.  It appears that Plaintiff's arguments inappropriately rest on personal jurisdiction rather than subject-matter jurisdiction.

removing party lacked an objectively reasonable basis for seeking removal" and "[c]onversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id.* at 1066-67.

For the reasons discussed in this order, Defendants were not without an objectively reasonable basis to remove the action, notwithstanding this Court's ultimate finding that diversity jurisdiction did not attach. Accordingly, Plaintiff's request for attorney's fees is **DENIED**.

## V. CONCLUSION

Though Defendants have plausibly alleged that there is complete diversity of citizenship, they have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 such that this Court may exert jurisdiction over this case. The Court concludes that it lacks subject-matter jurisdiction over the instant action. Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the Superior Court of California for the County of Santa Clara. Defendants' motion to dismiss is **DENIED AS MOOT** and Plaintiff's request for attorney's fees incurred in bringing the instant motion is **DENIED.**

**SO ORDERED.**

Dated: February 13, 2020

SUSAN VAN KEULEN
United States Magistrate Judge